UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

BARNETT CORPORATION, *et al.*,

                                  Debtors.

Case No.: 8-22-73623-AST
Chapter 7

-----------------------------------------------------------------x
ALLAN B. MENDELSOHN, Solely In His
Capacity As Chapter 7 Trustee Of The Estates Of
Barnett Corp. and Barnett Forest LLC,

                                  Plaintiff,

            - against -

RAISTONE PURCHASING LLC,
*F/K/A* SGSF MASTER PURCHASING DE LLC,

                                  Defendant.

Adv. Pro. No.: 8-24-08127-AST

-----------------------------------------------------------------x

## ORDER PARTIALLY GRANTING DEFENDANT'S MOTION TO DIMISS AND GRANTING CHAPTER 7 TRUSTEE LEAVE TO REPLEAD WITH GREATER PARTICULARITY UNDER FED. R. CIV. PRO. RULE 8 and 15

Pending before the Court is the motion of Raistone Purchasing LLC, f/k/a SGSF Master Purchasing DE LLC ("Defendant" or "Raistone"), to dismiss the complaint of Allan B. Mendelsohn, as Chapter 7 Trustee of the Estates of Barnett Corp. ("Barnett") and Barnett Forest LLC (collectively, the "Debtors" or "Barnett Entities" or "Plaintiff"). Defendant seeks dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "F.R.C.P."), as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). For the reasons set forth below, Defendant's motion is partially and conditionally granted.

## JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I) and (O), and 1334(b), and the Standing Orders of Reference in effect in the

Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2022, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code[1] [Case No. 22-73623, Dkt. No. 1; Case No. 22-73624, Dkt. No. 1]. On the same day, Allan B. Mendelsohn (the "Trustee") was appointed as the Chapter 7 Trustee in both cases.

On January 10, 2023, the Trustee filed a Motion for Joint Administration of the Debtors' cases [Case No. 22-73623, Dkt. No. 12; Case No. 22-73624, Dkt. No. 13].

On January 24, 2023, the Court held a hearing and granted the Trustee's Motion for Joint Administration.

On January 27, 2023, the Court entered an order consolidating the Debtors' cases to be jointly administered under Case No. 22-73623 with the caption name, "Barnett Corporation, et. al." [Case No. 22-73623, Dkt. No. 33; Case No. 22-73624, Dkt. No. 26].[2]

On December 13, 2024, the Trustee commenced the above captioned adversary proceeding (the "Adversary") by filing a complaint against Raistone (the "Complaint") [Adv. Pro. No. 24-08127, Dkt. No. 1] The Complaint alleges the following nine (9) causes of action regarding a total of $25,405,175.03 of Barnett's property that was allegedly transferred to Raistone (the "Transfers"):

- Fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

---

[1] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code").
[2] All future references to the docket reference the jointly administered case under Case No. 22-73623.

- Fraudulent conveyances pursuant to former New York Debtor & Creditor Law ("NYDCL") § 273;
- Fraudulent conveyances pursuant to former NYDCL § 274;
- Fraudulent conveyances pursuant to former NYDCL § 275;
- Fraudulent conveyances pursuant to NYDCL § 273(a);
- Fraudulent conveyances pursuant to NYDCL §274;
- Unjust enrichment;
- Money had and received; and
- Disallowance of claims under 11 U.S.C. §§ 502(d) and (j).

On April 18, 2025, Raistone filed a motion to dismiss the Complaint under F.R.C.P. 12(b)(6) (the "Motion") [Adv. Pro. No. 25-08127, Dkt. No. 12]. In the Motion, Raistone argues the following: (1) the Trustee failed to establish a *prima facie* claim for fraud under 11 U.S.C. § 548(a)(1)(B) and the NYDCL because Barnett received reasonably equivalent value for the Transfers; (2) the former provisions of the NYDCL do not apply to the Transfers; and (3) the Trustee cannot recover the money Barnett paid to Raistone based on a theory of constructive fraud because Raistone was a "net loser" in Barnett's fraudulent scheme.

On June 5, 2025, the Trustee filed an opposition to the Motion (the "Opposition"), asserting that all claims within the Complaint were sufficiently plead to satisfy F.R.C.P. 12(b)(6) [Adv. Pro. No. 24-08127, Dkt. No. 17]. The current NYDCL became effective on April 4, 2020. See *In re Tops Holding II Corp.*, 646 B.R. 617, 642 n. 37 (Bankr. S.D.N.Y. 2022). As noted by Raistone in the Motion, see Motion ¶¶ 114–20, all Transfers at issue occurred after April 4, 2020, with the first transfer allegedly made in February 2021.

The Trustee does not contest dismissal of the causes of action brought under the former NYDCL. Accordingly, that portion of the Motion seeking dismissal of the causes of action brought under the former NYDCL shall be granted.

## DISCUSSION

*1. Legal Standard*

Raistone's Motion is based on F.R.C.P. 12(b)(6), as incorporated by Bankruptcy Rule 7012. This Court has previously addressed the application of Rule 12(b)(6) and the flexible pleading standing established by the Supreme Court in several published decisions. See *In re Christodoulakis*, 2019 WL 360064, at 6* (Bankr. E.D.N.Y. Jan. 25, 2019), discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); see also *In re Ippolito*, 2013 WL 828316, at *3–4 (Bankr. E.D.N.Y. Mar. 6, 2013); *In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011).

Under the Supreme Court's *Iqbal*/*Twombly* analysis, to survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted)).

In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint and draw all inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 556; see also *Cleavland v. Caplow Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" accordingly, a court will not "accept as true a legal conclusion couched as a factual allegation[.]" *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79 (citing FED. R. CIV. P. 8(a)(2)). Further, in deciding Raistone's Motion, this Court must limit its review to facts and allegations contained in the Complaint, documents incorporated into the Complaint by reference or attached as exhibits and matters of which this Court may take judicial notice. *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); see also *Int'l Tobacco Partners, Ltd.*, 462 B.R. at 385 (courts may "consider documents that are integral to the complaint in deciding a motion to dismiss.").

2. *Constructive Fraud*

Constructive fraud claims brought under 11 U.S.C. § 548(a)(1)(B) and the NYDCL must satisfy the general pleading requirements of Rule 8, made applicable here by Bankruptcy Rule 7008. FED. R. CIV. P. 8; see *In re Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 317, 332 (Bankr. S.D.N.Y. 2011) ("Under both the Code and the NYDCL, courts consistently hold that claims of constructive fraud do not need to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). . . . Rather, the Trustee need only to satisfy Rule 8(a)[.]") (citations omitted). The Rule 8 general pleading standard requires that an allegation of constructive fraud contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief[.]" FED. R. CIV. P. 8.

### a. 11 U.S.C. § 548(a)(1)(B)

With respect to a claim for constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B), the plaintiff must demonstrate that "within two years of the petition date" the defendant (1) "transferred an interest in property," (2) "received less than reasonably equivalent value in exchange for such transfer," and (3) was (a) "insolvent at the time of the transfer or became insolvent as a result of the transfer," (b) "engaged in business or about to engage in business for which the defendant's remaining property was an unreasonably small capital," or (c) "intended to incur or believed that it would incur debts beyond its ability to pay as the debts matured." *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 735 (Bankr. S.D.N.Y. 2008).

Here, even when all proper inferences are drawn in favor of the Trustee as the non-moving party, the allegations in the Complaint brought under 11 U.S.C. § 548(a)(1)(B) do not contain sufficient facts that, if taken as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). The Trustee's allegations as to the value Barnett received in exchange for the Transfers fail to meet the *Iqbal*/*Twombly* standard. While the Trustee alleges "[t]he Transfers were made as part of Rosenthal's scheme involving the above referenced Fictitious Receivables and Converted Receivables[,]" Complaint ¶ 30, and "Barnett's books and records do not appear to contain purchase orders or invoices or other documentation to indicate a proper basis for the Transfers[,]" Complaint ¶ 25, these allegations fail to address how much value Barnett received from Raistone for the Transfers and the reasonableness of such value. Further, while the Trustee attached a table of transfers to the Complaint, see Complaint, Exhibit A, he does not provide any factual support for the assertion that Barnett did not receive "reasonably equivalent value" for the transfers. The table only shows how many transfers were made, when the transfers were made, and how much was transferred on each date. Therefore, the Trustee has not met the

*Iqbal*/*Twombly* standard nor the Rule 8 burden with respect to the cause of action brought under 11 U.S.C. § 548(a)(1)(B). The Trustee must plead facts which, if accepted as true, would allow the Court to draw a reasonable inference that Barnett did not receive reasonably equivalent value in exchange for the Transfers.

Raistone also alleges the Trustee cannot recover based on a theory of constructive fraud because Raistone was a "net loser" in Barnett's fraudulent scheme. Motion ¶¶ 121–22. As the Trustee asserts in the Opposition, Opposition pgs. 10–11, the case law Raistone cites is dependent on the existence or allegation of a Ponzi scheme. Here, there is no allegation of a Ponzi scheme; therefore Raistone's "net loser" argument does not serve as proper grounds for the dismissal of any of the Trustee's claims.

### b. NYDCL §§ 273(a) and 274

As previously discussed, the Trustee does not contest dismissal of the causes of action brought under the former NYDCL. Accordingly, that portion of the Motion seeking dismissal of the causes of action brought under the former NYDCL shall be granted.

To establish a claim for a constructively fraudulent transfer under the NYDCL, the plaintiff must demonstrate that (1) the transfer was "made without fair consideration[,]" (2) "the [defendant] was insolvent or was rendered insolvent by the transfer," and (3) the defendant (a) "was left with unreasonably small capital" or (b) "intended or believed that it would incur debts beyond its ability to pay as the debts matured." *In re M. Fabrikant & Sons, Inc.*, 394 B.R. at 734 (citing NYDCL §§ 272–75).[3] "Fair consideration" may be established by showing either (1) a

---

[3] The current NYDCL focuses on whether "reasonably equivalent value" was provided in exchange for the alleged transfers while the former NDYCL focuses on whether "fair consideration" was provided. However, the analyses under the former and current NYDCL are sufficiently similar such that the same analysis applies to both. *See In re Fun Bowl Vacations, Inc.*, 666 B.R. 867, 877 fn. 9 (Bankr. S.D.N.Y. 2025); *see also Makmudova v. Cohen*, No. 521869/2016, 2024 WL 3361238, at *7 (N.Y. Sup. Ct. July 10, 2024) ("The NYDCL, with the adoption of the UVTA, did not substantially change existing New York law . . ."); *Official Comm. of Unsecured Creditors v. Leucadia Nat'l Corp.* (*In re Vivaro Corp.*), 524 B.R. 536, 550 (Bankr. S.D.N.Y. 2015) ("Courts use the term 'fair

lack of fair or reasonably equivalent value or (2) a lack of good faith on the part of the transferee. *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 110 (Bankr. S.D.N.Y. 2011) (citations omitted).

Here, even when all proper inferences are drawn in favor of the Trustee as the non-moving party, the allegations in the Complaint brought under the NYDCL do not contain sufficient facts that, if taken as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). The Trustee's allegations as to whether Barnett received fair consideration in exchange for the Transfers are purely conclusory. See Complaint ¶ 47 ("The Transfers were made without fair consideration.") and Complaint ¶ 48 ("The Transfers were made without good faith"). Further, the table of transfers attached to the Complaint, see Complaint, Exhibit A, does not provide any factual support for the assertion that Barnett did not receive "fair consideration" for the Transfers for the reasons discussed above. Therefore, the Trustee has not met his *Iqbal/Twombly* standard nor the Rule 8 burden with respect to the cause of action brought under the NYDCL. The Trustee must plead facts which, if accepted as true, would allow the Court to draw the reasonable inference that Barnett did not receive "fair consideration" in exchange for the Transfers.

### 3. *Unjust Enrichment and Money Had and Received*

To establish a claim for unjust enrichment, the plaintiff must assert that (1) the defendant was enriched, (2) at the debtor's expense, and (3) "equity and good conscience militate against permitting [the] defendant to retain what the plaintiff is seeking to recover." *In re Trinsum Grp., Inc.*, 460 B.R. 379, 395 (Bankr. S.D.N.Y. 2011). "A money had and received claim is essentially identical to an unjust enrichment claim and requires allegations that '(1) defendant received

---

consideration' interchangeably with 'reasonably equivalent value,'. . . when examining constructive fraud claims.") (citation omitted).

money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money.'" *Rynasko v. New York University*, 63 F.4th 186, 201 (2d Cir. 2023) (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, N.A.*, 731 F.2d 112, 125 (2d Cir. 1984)).

Generally, "'[t]he theory of unjust enrichment lies as a quasi-contract claim[.]'" *In re Maidan*, No. 8-19-77027-LAS, 2022 WL 4125034, at *9 (Bankr. E.D.N.Y. Sept. 9, 2022) (quoting *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d. 561, 572 (2005)). Accordingly, "a plaintiff is precluded from relief on an unjust enrichment claim if 'the parties executed a valid and enforceable written contract governing a particular subject matter.'" *In re Lynch*, No. 15-74795 (AST), 2021 WL 1747360, at *7 (Bankr. E.D.N.Y. Apr. 30, 2021) (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009)). The same applies to the theory of money had and received. See *Rynasko*, 63 F.4th at 202.

Here, the Trustee does not allege the Transfers made pursuant to a contract or quasi-contract between Raistone and Barnett; nor does the Trustee allege the non-existence of a contract between Raistone and Barnett. Raistone alleges that the Transfers were made pursuant to valid and enforceable contracts between Raistone and Barnett. See Memorandum at 6. The Trustee must plead facts which, if accepted as true, would allow the Court to draw the reasonable inference that the Transfers were not made pursuant to a contract or quasi-contract between Raistone and Barnett. Accordingly, the Trustee has not met his *Iqbal/Twombly* standard with respect to the causes of action for unjust enrichment and money had and received.

### 4. *Disallowance of Claims under 11 U.S.C. § 502(d) and (j)*

Section 502(d) provides that "the court shall disallow any claim of an entity . . . that is a transferee of a transfer avoidable under section . . . 548[.]" 11 U.S.C. § 502(d). Section 502(j)

provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause[]" and that "[a] reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). To plead a legally sufficient claim for disallowance under 11 U.S.C. § 502(d), the Trustee must plead a legally sufficient avoidance claim and "a proof of claim must have actually been filed in the case by the creditor whose claim the debtor seeks to disallow." *In re 45 John Lofts, LLC*, 599 B.R. 730, 750 (Bankr. S.D.N.Y. 2019). If either of these two elements have not been met, "the Court must dismiss the disallowance causes of action." *Id.*

Here, Raistone is "the creditor whose claim the debtor seeks to disallow[,]" and Raistone has not filed a proof of claim. Thus, the Trustee has not met his *Iqbal*/*Twombly* and Rule 8 burden with respect to his cause of action brought under 11 U.S.C. §§ 502(d) and (j); thus, that claim is also dismissed.

5. *Leave to Amend*

Federal Rule of Civil Procedure 15, as incorporated by Bankruptcy Rule 7015, governs motions to amend pleadings and provides: "the court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). This Court has previously stated that:

> [l]eave to amend should be denied upon a showing of prejudice or bad faith, *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010), or where an amendment would be futile, *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir. 2001), but not simply because a plaintiff has failed to file a formal motion. *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992); *Khafaga*, 419 B.R. at 552-53.

*In re Ippolito*, 2013 WL 828316, at *5; see also *In re Martelloni*, 2013 Bankr. LEXIS 4554, at *16 (Bankr. E.D.N.Y. Oct. 31, 2013).

**CONCLUSION**

Based on the foregoing; it is hereby

**ORDERED**, that Raistone's Motion is granted in part and conditionally granted in part as set forth herein; and it is further

**ORDERED**, that the Motion is granted as to the second, third, and fourth causes of action brought under the former NYDCL, and the ninth cause of action brought under 11 U.S.C. §§ 502(d) and (j) and those causes of action are dismissed; and it is further

**ORDERED**, that the Motion is conditionally granted as to the first cause of action for constructive fraud under 11 U.S.C. § 548(a)(1)(B), the fifth and sixth causes of action for fraudulent transfers pursuant to the current NYDCL §§ 273(a) and 274, the seventh cause of action for unjust enrichment, and the eighth cause of action for money had and received; the Trustee shall **have twenty-one (21) days** from entry of this Order to replead with greater specificity as to those causes of action; should the Trustee fail to timely replead, those causes of action will also be dismissed; and it is further

**ORDERED**, that if an Amended Complaint is timely filed and served, Raistone shall file and serve a responsive pleading within **fourteen (14) days** from service of the Amended Complaint.



Dated: February 13, 2026
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge